**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 23-4265**

_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

TYREE BELK,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Max O. Cogburn, Jr., District Judge.  (3:17-cr-00347-MOC-DCK-1)

_____

Submitted:  April 30, 2026                                  Decided:  June 1, 2026

_____

Before WYNN and QUATTLEBAUM, Circuit Judges, and FLOYD, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:**  James W. Kilbourne, Jr., ALLEN STAHL & KILBOURNE, PLLC, Asheville, North Carolina, for Appellant.  Dena J. King, United States Attorney, Amy E. Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tyree Belk was convicted by a jury of conspiracy to commit Hobbs Act robbery (Count 1), in violation of 18 U.S.C. § 1951(a); Hobbs Act robbery (Count 2), in violation of 18 U.S.C. §§ 2, 1951; brandishing a firearm during and in relation to a crime of violence (Count 3), in violation of 18 U.S.C. § 924(c); possession with intent to distribute a controlled substance analogue (Count 4), in violation of 21 U.S.C. § 841(a)(1); and possession of a firearm by a felon (Count 6), in violation of 18 U.S.C. § 922(g)(1).  The district court sentenced Belk to 135 months' imprisonment.  In a prior appeal, we vacated Belk's conviction on Count 4 and remanded to the district court with instructions to enter a judgment of acquittal on that count and to resentence Belk.  *United States v. Belk*, No. 20-4551, 2022 WL 17849372, at *1, *3-7 (4th Cir. Dec. 22, 2022).

On remand, Belk moved to dismiss Counts 3 and 6 of the indictment, arguing that the statutes underlying those offenses facially violated the Second Amendment in light of *N.Y. State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022).  The district court denied the motion and resentenced Belk to 129 months' imprisonment.  Now, Belk again appeals, challenging the district court's denial of his motion to dismiss Counts 3 and 6.  We affirm.[*]

---

[*] The Government moves to dismiss this appeal, arguing that the mandate rule bars our consideration of Belk's challenges to his indictment.  As we have acknowledged previously, however, "[w]e need not answer some surprisingly intricate questions about whether [Belk's] Second Amendment claim triggers the mandate rule," as that rule is not jurisdictional.  *See United States v. Canada*, 123 F4th 159, 161 n.* (4th Cir. 2024).  We therefore assume without deciding that Belk's Second Amendment challenges are properly before us and proceed to consider the merits of those challenges.  *See id.*

We review de novo a district court's ruling on the constitutionality of a statute. *United States v. Jacobs*, 166 F.4th 395, 398 (4th Cir. 2026). The Second Amendment protects "the right of the people to keep and bear Arms." U.S. Const. amend. II. But, "[l]ike most rights, the right secured by the Second Amendment is not unlimited" and does not guarantee "a right to keep and carry any weapon whatsoever in any manner whatsoever and for whatever purpose." *Dist. of Columbia v. Heller*, 554 U.S. 570, 626 (2008).

To determine whether the government has infringed on the Second Amendment right, courts must apply a "text-and-history standard." *Bruen*, 597 U.S. at 39; *see United States v. Rahimi*, 602 U.S. 680, 691-92 (2024). In this circuit, the *Bruen* analysis proceeds in two steps. "First, we must ask whether the Second Amendment's plain text covers the conduct at issue. If not, that ends the inquiry: the Second Amendment does not apply." *United States v. Price*, 111 F.4th 392, 398 (4th Cir. 2024) (en banc), *cert. denied*, 145 S. Ct. 1891 (2025). Resolving that question requires consideration of whether: (1) "the person challenging the gun regulation is among the people whom the Second Amendment protects"; (2) "the person's weapons are in common use for a lawful purpose"; and (3) "the person's proposed course of conduct is covered by the textual right to keep or to bear arms." *United States v. Jackson*, 152 F.4th 564, 567 (4th Cir. 2025) (internal quotation marks omitted), *cert. denied*, __ S. Ct. __, No. 25-6994, 2026 WL 1052206 (U.S. Apr. 20, 2026).

If the Second Amendment's plain text covers the conduct at issue, we proceed to the second step, asking "whether the Government has justified the regulation as consistent with the principles that underpin our nation's historical tradition of firearm regulation."

3

*Price*, 111 F.4th at 398 (internal quotation marks omitted). The Government bears the burden of proof at this step. *Jackson*, 152 F.4th at 567.

A defendant faces a significant hurdle in mounting a facial challenge because such a challenge "requires a defendant to establish that no set of circumstances exists under which the [challenged statute] would be valid." *Rahimi*, 602 U.S. at 693 (internal quotation marks omitted). In other words, "the Government need only demonstrate that [the challenged statute] is constitutional in *some* of its applications." *United States v. Nutter*, 137 F.4th 224, 229 (4th Cir.) (internal quotation marks omitted), *cert. denied*, 146 S. Ct. 270 (2025).

Following the Supreme Court's decisions in *Bruen* and *Rahimi*, we previously reaffirmed that 18 U.S.C. § 922(g)(1) is facially constitutional. *Canada*, 123 F.4th at 161-62. It is well established that "one panel [of this court] cannot overrule a decision issued by another panel." *McMellon v. United States*, 387 F.3d 329, 332 (4th Cir. 2004) (en banc). Thus, *Canada* plainly forecloses Belk's facial challenge to § 922(g)(1).

Turning to § 924(c), we conclude that Belk's Second Amendment challenge fails at *Bruen*'s first step. "The [Second] Amendment protects the right of 'the people.' U.S. Const. amend. II. The Supreme Court has described this group as including law-abiding, responsible citizens, and we have taken that instruction to delineate the group's outer bounds at *Bruen* step one." *United States v. Holman*, 171 F.4th 303, 311 (4th Cir. 2026) (citation modified). "*Heller* repeatedly described the core of the Second Amendment right as protecting 'law-abiding' citizens," while clarifying "that restrictions on firearms possession by those who are not law-abiding . . . are presumptively lawful." *Hunt*,

4

123 F.4th at 705 (quoting *Heller*, 554 U.S. at 625) (citation modified).  Relatedly, *Heller*'s "central holding" was "that the Second Amendment protects a personal right to keep and bear arms for lawful purposes," *McDonald v. City of Chicago*, 561 U.S. 742, 780 (2010), explicitly recognizing "the right of law-abiding, responsible citizens to use arms in defense of hearth and home," *Heller*, 554 U.S. at 635.  Neither *Bruen* nor *Rahimi* altered *Heller*'s discussion of the scope of the right protected by the Second Amendment.  *Hunt*, 123 F.4th at 705.

Contrary to Belk's assertion, § 924(c) does not criminalize the mere possession, use, or even brandishing of a firearm in isolation.  Instead, § 924(c) necessarily prohibits firearm possession only by those individuals committing a crime of violence or a drug trafficking offense.  An individual is not "law-abiding" while actively engaged in the commission of such an offense.  We therefore conclude that the offense criminalized by § 924(c) does not fall within the scope of the Second Amendment's plain text, and Belk cannot show that the statute facially violates the Second Amendment.  *Accord United States v. Underwood*, 129 F.4th 912, 928-29 (6th Cir. 2025) (holding that § 924(c) does not facially violate Second Amendment because unlawful conduct it regulates falls outside scope of Second Amendment's plain text).

Accordingly, we affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*